## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **IVAN BRALEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LEXISNEXIS RISK SOLUTIONS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, IVAN BRALEY ("Plaintiff"), and for his Complaint against the Defendant LEXISNEXIS RISK SOLUTIONS, INC. Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, and costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which relates to the proper dissemination and use of consumer credit and other financial information.

## JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

3.    Venue in this District is proper in that Plaintiff resides here, Defendants transacts business here and the conduct complained of occurred here.

## PARTIES

4.    Plaintiff Ivan Braley is a natural person that resides in the State of Missouri.

5.    Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

6.    LexisNexis Risk Solutions Inc., ("LexisNexis"), is a corporation that is registered to do business in Missouri as a foreign corporation that regularly transacts business in Missouri.

7.    LexisNexis is a nationwide credit reporting agency whose principle purpose is the composition and issuance of consumer reports.  LexisNexis is a consumer reporting agency for the purposes of 15 U.S.C. § 1681 et seq.

## FACTS COMMON TO ALL CLAIMS

8.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs as if fully rewritten here.

9.    On or about July 1, 2015, Portfolio Recovery Associates, LLC attained a civil judgment against Plaintiff for a debt ("2015 Civil Judgment").

10.    On or about December 16, 2015, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court in the Western District of Missouri ("Bankruptcy").

11.    On or about March 25, 2016, the Bankruptcy Court issued its order discharging the Bankruptcy.

12.    Among the discharged debts was the Portfolio Recovery Associates debt subject to the 2015 Civil Judgment.

13.     By late 2019, Plaintiff started to more closely monitor his creditworthiness with the goal in mind of obtaining a mortgage to improve him and his family's living situation.

14.     On or about November 22, 2019 Plaintiff obtained a copy of his consumer report.

15.     To his dismay, Plaintiff discovered that LexisNexis was reporting the 2015 Civil Judgment with the associated balance.

16.     This came as a surprise to Plaintiff, because the underlying debt was included and discharged in the Bankruptcy.

17.     By reporting the Civil Judgment with the associated balance of the discharged Portfolio Recovery Associates debt, LexisNexis reported harmful, inaccurate, and misleading information on Plaintiff's consumer report.

18.     On or about December 10, 2019, Plaintiff sent a written dispute letter to LexisNexis ("December 10 Dispute").

19.     The December 10 Dispute identified the nature of the harmful, inaccurate, and misleading reporting of the 2015 Civil Judgment and its outstanding balance on Plaintiff's on LexisNexis consumer report and demanded that the inaccurate information be updated or removed.

20.     Also included in the December 10 Dispute, was a copy of the Bankruptcy discharge and the certificate of notice.

21.     Pursuant to 15 U.S.C. 1681i of the FCRA, LexisNexis was then obligated to reasonably investigate Plaintiff's dispute.

22. To Plaintiff's frustration, he received no responses from LexisNexis showing any results or proof that any investigation took place in response to the December 10 Dispute.

23. On or about January 21, 2020, Plaintiff sent a written dispute letter to LexisNexis ("January 21 Dispute").

24. The January 21 Dispute identified the nature of the harmful, inaccurate, and misleading reporting of the 2015 Civil Judgment and its outstanding balance Plaintiff's on LexisNexis consumer report and demanded that the inaccurate information be updated or removed.

25. Also included in the January 21 Dispute, was a copy of the Bankruptcy discharge and the certificate of notice.

26. Pursuant to 15 U.S.C. 1681i of the FCRA, LexisNexis was then obligated to reasonably investigate Plaintiff's dispute.

27. Once again, Plaintiff received no responses from LexisNexis showing any results or proof that any investigation took place in response to the January 21 Dispute.

28. Unsure on what to do next, Plaintiff obtained a copy of his consumer report on or about March 2, 2020.

29. To Plaintiff's frustration, LexisNexis made no changes as to how it reported the harmful, inaccurate, and misleading Civil Judgment and outstanding balance data on Plaintiff's consumer report.

30. Plaintiff fears that, absent litigation, his consumer report will not be corrected.

31.     As a result of Defendants' violations of the FCRA, Plaintiff suffered and continues to suffer actual damages, loss of credit opportunity, damage to his reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in the amount to be determined by the jury, in addition to the statutory damages in the amount to be determined by the Court.

## CLAIM FOR RELIEF
### Negligent and Willful Violations of 15 U.S.C. § 1681*i*  by LexisNexis

32.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

33.     A "consumer reporting agency" ("CRA") is defined by the FCRA as follows: "[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 US.C. § 1681a(f).

34.     LexisNexis is a "consumer reporting agency" as defined by the FCRA.

35.     Section 1681n of the FCRA imposes civil liability on any entity "who willfully fails to comply with any requirement" of the Act.  *See* 15 U.S.C. § 1681n(a).

36.     Section 1681o of the FCRA provides for civil liability against any entity that is negligent in failing to comply with any requirement imposed under the Act.

37.     The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer.  *See* 15 U.S.C. § 1681*i*(a)(1).  The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

38.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file.  *See* 15 U.S.C. § 1681*i*(a)(5)(A).

## LexisNexis's Reasonable Reinvestigation Violations

39.     By letters dated December 10, 2019 and January 21, 2020, Plaintiff disputed the harmful, derogatory, and misleading inaccuracy of the Civil Judgment and its balance as it appeared on his LexisNexis consumer report.

40.     Plaintiff specifically advised LexisNexis that mistakes as to the reporting of the Civil Judgment and its balance had been made, provided all necessary information to LexisNexis to support the same, and requested that the tradeline be deleted or updated accordingly.

41.     Either LexisNexis conducted no investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow objectively false and highly damaging information to remain on Plaintiff's credit file.

42.     By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

43.     As a direct and proximate result of LexisNexis's disregard for Plaintiff's dispute and its obligations under the FCRA as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer such as herself.

44.     As a direct and proximate result of LexisNexis's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation and embarrassment, entitling them to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

45.     LexisNexis has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

46.     LexisNexis's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

**WHEREFORE** Plaintiff prays for judgment on this *Claim for Relief* in his favor and against LexisNexis, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

**CREDIT LAW CENTER**

Date: April 6, 2020

/s/*Anthony Hernandez*
Anthony Hernandez # 69129
4041 N.E. Lakewood Way, Ste. 200
Lee's Summit, MO 64064
Tel:    (816) 282-0422
Fax:    (855) 523-6884
anthonyh@creditlawcenter.com

*Attorney for Plaintiff*